# In the United States Court of Federal Claims

No. 13-608C
(Filed: June 11, 2020)

```
*************************************
BRYNDON FISHER et al.,            *
                                  *
           Plaintiffs,            *
                                  *
v.                                *   Certification of Interlocutory Appeal; 28
                                  *   U.S.C. § 1292(d)(2)
                                  *
THE UNITED STATES,                *
                                  *
           Defendant.             *
*************************************
```

Robert C. Schubert, San Francisco, CA, for plaintiffs.

Kenneth M. Dintzer, United States Department of Justice, Washington, DC, for defendant.

## ORDER

Plaintiffs request that the court certify for interlocutory appeal its May 8, 2020 opinion denying defendant's motion to dismiss. Defendant opposes plaintiffs' motion on the ground that the questions plaintiffs seek to certify were already certified for interlocutory appeal in a related matter. For the reasons explained below, the court grants the motion and will modify the May 8, 2020 opinion to include the language necessary for an interlocutory appeal.

## I. BACKGROUND

Plaintiffs challenge actions taken in connection with the conservatorship of the Federal National Mortgage Association ("Fannie").[1] In their complaint, plaintiffs aver that the Federal Housing Finance Agency in its role as conservator ("FHFA-C") for Fannie infringed on plaintiffs' rights when the FHFA-C executed the third amendment to the Preferred Stock Purchase Agreement. Plaintiffs allege three claims: a taking, an illegal exaction, and a breach of fiduciary duty. Each claim is styled as a derivative claim on behalf of Fannie.

---

[1] For the sake of brevity, this order recites only the facts and background necessary for the purpose of resolving plaintiffs' motion. Additional information on the genesis of this suit and the underlying facts is set forth in the May 8, 2020 opinion on defendant's motion to dismiss. See Fisher v. United States, No. 13-608C, 2020 WL 2764191, at *1-6 (Fed. Cl. May 8, 2020).

Defendant moved to dismiss the complaint on the bases that the court lacked subject-matter jurisdiction over the claims, plaintiffs lacked standing to pursue their claims, and plaintiffs failed to state a claim on which relief may be granted.  The court, after reviewing hundreds of pages of briefing and hearing nearly nine hours of oral argument, denied defendant's request to dismiss plaintiffs' claims.

Plaintiffs now request that the court certify its May 8, 2020 opinion for interlocutory review.  That motion is fully briefed.  The parties in a related matter, Fairholme Funds, Inc. v. United States, No. 13-465C, are pursuing interlocutory appeals in the United States Court of Appeals for the Federal Circuit ("Federal Circuit") of the court's ruling in that case on an identical motion to dismiss.  Fairholme Funds, Inc. v. United States, 147 Fed. Cl. 1 (2019) ("Fairholme II"), motion to certify interlocutory appeal granted, 147 Fed. Cl. 126 (2020) ("Fairholme III").  The Fairholme plaintiffs have moved to file an amicus brief in this matter on the topic of plaintiffs' instant motion.  Although the court grants that motion, the amicus brief attached to the motion, which is neutral on the question of whether plaintiffs' motion should be granted, does not affect the court's analysis.

Plaintiffs identify two questions that they contend should be certified for an interlocutory appeal:

(1) Whether plaintiffs have standing to assert derivative claims notwithstanding the Housing and Economic Recovery Act of 2008's ("HERA") succession clause, 12 U.S.C. § 4617(b)(2)(A)(i) (2018).

(2) Whether the FHFA-C's actions are attributable to the United States such that the court possesses subject-matter jurisdiction to entertain plaintiffs' derivative takings and illegal exaction claims.

It is undisputed that these two questions have already been certified for interlocutory appeal in the Fairholme matter.[2]  Fairholme III, 147 Fed. Cl. at 131.  As explained below, certification is appropriate under the applicable legal standard.

## II. ANALYSIS

"Courts have long understood that '[i]nterlocutory appeals are reserved for exceptional or rare cases . . . .'"  White Mountain Apache Tribe v. United States, No. 17-359, 2018 WL 6293242, at *2 (Fed. Cl. Dec. 3, 2018) (quoting Starr Int'l Co. v. United States, 112 Fed. Cl. 601, 603 (2013)); accord Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 13 (2001); see Zoltek Corp. v. United States, 672 F.3d 1309, 1328 (Fed. Cir. 2012) (Dyk, J., dissenting) (discussing the legislative history of the statute authorizing interlocutory appeals).  The trial court has discretion on whether to certify an issue for an interlocutory appeal.  Starr, 112 Fed. Cl. at 603.  The court certifies issues by "includ[ing] in the [interlocutory] order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of

---

[2] The court has modified plaintiffs' first question to provide a full citation to HERA.

the litigation." 28 U.S.C. § 1292(d)(2) (2018).  In short, there is a three-part test for certifying issues for interlocutory appeal:  The court must conclude that (1) there is a controlling question of law; (2) there is a substantial ground for difference of opinion with respect to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.[3] Id.; accord United Launch Servs., LLC v. United States, 139 Fed. Cl. 721, 723 (2018).

In Fairholme III, the court held that the first two factors were met on precisely these two questions; that holding applies here as well.  See 147 Fed. Cl. at 130 (concluding that defendant's legal questions, upon appeal, might end the Fairholme litigation, and that the court's holdings in Fairholme II addressed difficult legal issues that were the subject of differing results before other courts).  The court finds, and defendant does not dispute, that the first two factors for certification have been met for plaintiffs' questions.

The third factor is whether an interlocutory appeal will materially advance the termination of the litigation.  The focus here is, "in large part[,] on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" Coast Fed. Bank, 49 Fed. Cl. at 14 (quoting Northrop Corp., Northrop Elecs. Sys. Div. v. United States, 27 Fed. Cl. 795, 798-99 (1993)); see also Lummi Tribe of the Lummi Reservation, Wash. v. United States, 870 F.3d 1313, 1315 (Fed. Cir. 2017) ("[T]his court granted the government's petition for interlocutory appeal to 'ensure that the [United States Court of Federal Claims] is the court of proper jurisdiction before requiring it and the parties to undergo extensive unnecessary proceedings.'" (quoting appellate order)).  In Fairholme III, the court's determination on the third factor was based on the following analysis:

> The court and other parties will preserve their resources with an interlocutory appeal because a definitive ruling on the issues identified by the parties will offer clear guidance on the materially similar claims in seventeen related cases pending before the undersigned.  And the parties in the instant case will also benefit from an expedited appellate ruling.  Without an interlocutory appeal, the parties will likely begin costly discovery that would be unnecessary if an appellate court reverses this court's decision that it possesses jurisdiction over the derivative claims. . . .  Thus, the third factor also weighs in favor of certification.

147 Fed. Cl. at 130-31.  The reasons that the third factor for certification was met in Fairholme III also apply here.

There are, however, two main differences between plaintiffs' motion and the request for similar relief in Fairholme.  First, plaintiffs here are prevailing parties in the sense that the court denied defendant's motion to dismiss in its entirety, whereas the court's decision in Fairholme II granted the motion to dismiss in part and dismissed many of those plaintiffs' claims.  Second, plaintiffs here raise legal questions that are already before the Federal Circuit, which was not a circumstance that applied to the Fairholme litigants when the court certified its ruling in that case

---

[3] Even if this court certifies its opinion for interlocutory appeal, the Federal Circuit may decide not to entertain the appeal.  28 U.S.C. § 1292(d)(2); accord AD Glob. Fund, LLC ex rel. N. Hills Holding, Inc. v. United States, 68 Fed. Cl. 663, 665 (2005).

for interlocutory appeal.  Defendant argues that it is not proper to send the same questions to the Federal Circuit in two different appeals.  The court addresses each of these differences in turn.

With respect to the first difference, although prevailing parties do not generally obtain certification of a court's ruling for interlocutory appeal, there are exceptions.  <u>British Steel PLC v. United States</u>, 127 F.3d 1471, 1473 n.* (Fed. Cir. 1997) (citing cases).  The first compelling exception that applies here is when a party obtains a favorable general ruling, but that ruling also includes unfavorable subsidiary holdings that could harm the party.  <u>See id.</u> (citing <u>LaBuhn v. Bulkmatic Transp. Co.</u>, 865 F.2d 119, 122 (7th Cir. 1988)).  Plaintiffs identify a number of holdings in the court's May 8, 2020 opinion which, if unchallenged, might prove deleterious to the survival of plaintiffs' claims as these related cases move forward at the trial court level and at the appellate level.

The second compelling exception is the substantial risk of the application of collateral estoppel to plaintiffs' claims.  <u>See id.</u> (citing <u>Dolenc v. Love</u>, 40 F.3d 656, 657 (3d Cir. 1994)).  Because many of the claims in these related cases could be viewed to be either of the same nature or identical, the Federal Circuit's ruling in other cases might prevent plaintiffs here from fully litigating the merits of their derivative claims.  In other words, plaintiffs have a very real "stake" in an appeal of the court's denial of defendant's motion to dismiss in this case.  <u>See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper</u>, 445 U.S. 326, 334 (1980) ("In an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits, so long as that party retains a stake in the appeal . . . .").  The court finds that plaintiffs' status as generally prevailing parties, in the context of the court's denial of defendant's motion to dismiss, does not prevent the certification of the court's rulings for an interlocutory appeal.

Turning to the topic of multiple appeals presenting the same question, or questions, for appellate review, the court notes, first, that defendant points to no authority to support its position that such a procedure would be improper.  Indeed, although defendant states that "no basis exists to re-certify those questions here," not one case is cited for this proposition.  Def.'s Resp. to Pls.' Mot. to Certify the Court's May 8, 2020 Decision for Interlocutory Appeal 4.  Instead, defendant surmises that plaintiffs' claims, if the Federal Circuit agrees to proceed with interlocutory appeals in <u>Fairholme</u>, will be fully represented by counsel for the <u>Fairholme</u> plaintiffs and/or by plaintiffs' counsel in an amicus brief.

The court agrees with plaintiffs that the consideration of multiple appeals presenting the same legal issues is not disfavored and may even be advantageous in certain circumstances.  The court also agrees with plaintiffs that an amicus brief, even if permitted by the Federal Circuit, would not provide plaintiffs with the opportunity to defend their claims with the zeal that is otherwise available to an appellant.  The court need not address plaintiffs' contentions that there is a lack of identity between the plaintiffs' interests in <u>Fairholme</u> and their interests, or on the discussion of this topic in the amicus brief tendered by the <u>Fairholme</u> plaintiffs.  In the court's view, plaintiffs' derivative claims are best represented by plaintiffs' counsel.  For all of the above reasons, the resolution by the Federal Circuit of plaintiffs' request for an interlocutory appeal would "materially advance" the resolution of plaintiffs' claims in this litigation.  28 U.S.C. § 1292(d)(2).

## III.  CONCLUSION

Because all of the factors that the court must consider under 28 U.S.C. § 1292(d)(2) weigh in favor of certification, the court concludes that it is appropriate to certify its May 8, 2020 opinion for interlocutory appeal.  The court, therefore, **GRANTS** plaintiffs' motion to certify the May 8, 2020 opinion for interlocutory appeal.  The court also **GRANTS** the Fairholme plaintiffs' motion for leave to file an amicus brief in support of neither party.

The court will amend its May 8, 2020 opinion by appending the following language to the end of the opinion:

> The court finds that this opinion involves the following controlling questions of law with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from the opinion may materially advance the ultimate termination of the litigation:
>
> (1)  Whether plaintiffs have standing to assert derivative claims notwithstanding HERA's succession clause.
>
> (2)  Whether the FHFA-C's actions are attributable to the United States such that the court possesses subject-matter jurisdiction to entertain plaintiffs' derivative takings and illegal exaction claims.

The court **CONTINUES** the stay in this case pending the completion of the interlocutory appeal process.  **By no later than 14 days after the completion of that process,** the parties shall file a joint status report in which they propose further proceedings, if any are necessary.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge