# In the United States Court of Federal Claims

No. 13-608C
(Filed: February 15, 2023)
**NOT FOR PUBLICATION**

```
*************************************
BRYNDON FISHER et al.,              *
                                    *
              Plaintiffs,           *
                                    *   Stay to Await Outcome of District Court
v.                                  *   Case Not Proper Where Binding Precedent
                                    *   Compels Dismissal of Plaintiffs' Claims
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

## SHOW CAUSE ORDER

The court has before it the parties' joint status report filed February 13, 2023. Plaintiffs request that the court extend the stay of this case notwithstanding the finality of binding precedent that compels the dismissal of claims such as those advanced in this suit. Defendant opposes plaintiffs' request. For the reasons explained below, the court denies plaintiffs' request and requires that they show cause why this case should not be dismissed.

### I.  PROCEDURAL BACKGROUND

This case has a ten-year history, but the court's focus here is on recent developments. In May of 2020, this court denied defendant's motion to dismiss plaintiffs' claims, holding that collateral estoppel did not bar a subset of plaintiffs' claims. Fisher v. United States, 148 Fed. Cl. 478, 499, amended, 149 Fed. Cl. 204 (2020). The court also held that their constitutional claims could proceed. Id. at 501-02. Plaintiffs sought leave to pursue an interlocutory appeal of these rulings, which the court granted, but the United States Court of Appeals for the Federal Circuit ("Federal Circuit") denied their request. Fisher v. United States, No. 20-138, slip op. at 2 (Fed. Cir. Aug. 21, 2020). Instead, because related interlocutory appeals were pending at the Federal Circuit, plaintiffs could "seek[] leave to participate in Fairholme Funds, Inc. v. United States, Nos. 2020-1912, -1914, as amici." Id.

Plaintiffs were allowed to participate as amici in the consolidated appeals and filed briefs with the Federal Circuit on November 24, 2020, March 29, 2021, and August 3, 2021. On February 22, 2022, the Federal Circuit issued Fairholme Funds, Inc. v. United States, 26 F.4th 1274 (Fed. Cir. 2022), cert. denied sub nom. Barrett v. United States, 143 S. Ct. 562 (2023), and cert. denied sub nom. Owl Creek Asia I, L.P. v. United States, 143 S. Ct. 563 (2023), and cert. denied sub nom. Cacciapalle v. United States, 143 S. Ct. 563 (2023), and cert. denied, 143 S. Ct. 563 (2023). Most pertinent to these plaintiffs, the Federal Circuit held in Fairholme Funds that

certain shareholder derivative claims in the related appeals were barred by collateral estoppel and that certain constitutional claims also could not proceed. Id. at 1299-1304. The Federal Circuit's mandate issued to this court on April 15, 2022. On January 9, 2023, the Supreme Court of the United States ("Supreme Court") denied the appellants' petitions for writs of certiorari.

The court permitted this case to remain stayed until the Fairholme Funds decision became final. See Order of Oct. 5, 2020. Once the decision became final, the court granted the parties' joint request for an extension of the stay so that plaintiffs could "review the relevant cases to determine whether further proceedings will be needed in this case." See Order of Feb. 2, 2023. On February 13, 2023, the parties reported that they could not agree as to whether this case should be dismissed.

Plaintiffs rely on litigation in the United States District Court for the District of Columbia ("District Court") to justify their request to extend the stay in this matter. The case is In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations, No. 1:13-MC-1288-RCL (D.D.C. filed Nov. 18, 2013). According to plaintiffs, the outcome of the District Court litigation could affect the outcome of their claims in this court:

> In light of the continuing litigation concerning the same subject matter . . . and the possibility it may impact proceedings in this case—either in this Court or on appeal in the Federal Circuit—Plaintiffs respectfully suggest that this Case should remain stayed. A continued stay would serve the interest of judicial economy and preserving the parties' (and the Court's) resources. Plaintiffs propose that the parties submit a further joint status report to the Court in this action within 30 days of final judgment in In Re Fannie Mae/Freddie Mac.

Joint Status Rep. 2. Although defendant acknowledges that the litigation in the District Court and this case "share some of the same underlying facts," defendant argues that each of plaintiffs' claims is "foreclosed by binding precedent [and] should be dismissed with prejudice." Id. at 4. Accordingly, defendant argues that plaintiffs' requested stay is "entirely unwarranted." Id. As explained below, plaintiffs' position is untenable and defendant's position is correct.

## II. ANALYSIS

The court begins with a few basic concepts. The Federal Circuit "has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc." Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed. Cir. 1988). Thus, Fairholme Funds is binding precedent on all subsequent Federal Circuit panels hearing appeals of decisions of this court. Plaintiffs' argument that the outcome of the District Court case may change the outcome of their appeal of a dismissal of their suit by this court is not well-founded. The Federal Circuit will follow Fairholme Funds.

Second, this court is not free to stray from the binding precedent of Fairholme Funds when considering the viability of plaintiffs' claims. See, e.g., Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) (stating that this court is required to follow Federal Circuit precedent); Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005) (stating that

the United States "Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit"). Thus, this court must apply the precedent of Fairholme Funds to plaintiffs' claims, regardless of the eventual outcome of the District Court case. The potential impact of the District Court case on this case is illusory.

Third, plaintiffs' concern for judicial economy and the conservation of the parties' and the court's resources is misplaced. Rule 1 of the Rules of the United States Court of Federal Claims ("RCFC") states that the parties and the court should facilitate "the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. Plaintiffs' request for an indeterminate stay, in this case, delays the court's determination of the action and consumes additional resources of the parties and the court that could be better used elsewhere.

Fourth, plaintiffs' assertion that the District Court case "may impact proceedings in this case—either in this Court or on appeal in the Federal Circuit," Joint Status Rep. 2, can fairly be read to express their hope that the District Court and the United States Court of Appeals for the District of Columbia Circuit will disagree with the holdings in Fairholme Funds, and that the Supreme Court will ultimately favor that view of the law over the one binding on this court. In other words, plaintiffs' stay request appears to be predicated on a speculative circuit split, followed by an even more speculative reversal of the holdings in Fairholme Funds by the Supreme Court. Judges of this court, however, routinely reject indefinite stay requests where a plaintiff attempts to forestall the effect of binding precedent on its claims in hopes that a circuit split might someday aid its cause. See, e.g., Eaglehawk Carbon, Inc. v. United States, 105 Fed. Cl. 128, 131 (2012) (citing cases).

Plaintiffs have not justified their requested stay of proceedings. See Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("In deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay."). Further, this court's "paramount obligation [is] to exercise jurisdiction timely in cases properly before it." Id. An indeterminate stay is the enemy of a timely resolution of plaintiffs' claims. For all of the above reasons, the court must lift, rather than extend, the stay in this matter.

The court has considered the procedural options discussed by defendant in the parties' joint status report but prefers to offer plaintiffs an opportunity to rebut defendant's arguments as to the effect of Fairholme Funds on the viability of their claims. On this topic, the court notes that plaintiffs have been aware of the Federal Circuit's holdings for approximately one year and have had over one month to digest the significance of the Supreme Court's decision to make those holdings final. Although the court extended the stay of proceedings in this case to allow plaintiffs to consider their options, they should now carefully consider whether further proceedings in this case are viable. Plaintiffs' counsel should also consider whether the arguments presented in a brief addressing this show cause order "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." RCFC 11(b)(2).

## III.  CONCLUSION

The court lifts the stay in this matter.  Plaintiffs must **SHOW CAUSE** why their claims should not be dismissed.  Plaintiff shall **FILE** either the parties' stipulation of voluntary dismissal, or plaintiffs' brief addressing the court's show cause order, by **no later than Wednesday, March 15, 2023**.  Defendant shall **FILE** its responsive brief, if any, by **no later than Wednesday, April 5, 2023**.  Plaintiffs shall **FILE** their reply brief, if any, by **no later than Wednesday, April 19, 2023**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Senior Judge
